## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **B████ A████**, Individually and as Parent and Natural Guardian of **A**. **E-A.**, a minor,<br>Plaintiff,<br><br>vs.<br><br>**BOROUGH OF SHARON HILL**<br>1110 Spring Street<br>Sharon Hill, PA 19079;<br>and<br>**CHIEF RICHARD HERRON**<br>Sharon Hill Borough Police Department<br>1110 Spring Street<br>Sharon Hill, PA 19079;<br>and<br>**OFFICER BRIAN DEVANEY**<br>Sharon Hill Borough Police Department<br>1110 Spring Street<br>Sharon Hill, PA 19079;<br>and<br>**OFFICER SEAN DOLAN**<br>Sharon Hill Borough Police Department<br>1110 Spring Street<br>Sharon Hill, PA 19079,<br>and<br>**OFFICER DEVON SMITH**<br>Sharon Hill Borough Police Department<br>1110 Spring Street<br>Sharon Hill, PA 19079,<br>Defendants. | Case No.:  22-cv- 02026 _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

**AND NOW**, comes the Plaintiff, B████ A████, Individually and as Parent and Natural

Guardian of A. E-A. ("Minor Plaintiff") by and through her counsel, Michael C. Schafle of

GREEN & SCHAFLE, LLC, complaining of Defendants The Borough of Sharon Hill

("Borough"), more particularly the Sharon Hill Borough Police Department ("SHPD"), by and

through its agents and servants, Officers Brian Devaney, Sean Dolan, and Devon Smith, individually and in their official capacities as officers with the SHPD, and is support thereof states the following:

## INTRODUCTION AND NATURE OF THIS ACTION

1.      On the evening of August 27, 2021, Minor Plaintiff and four other individuals were shot at and struck by bullets fired from the service weapons of Officers Brian Devaney, Sean Dolan and Devon Smith ("Officer Defendants") of the Sharon Hill Borough Police Department.

2.      Following an investigation by the Delaware County District Attorneys' Office, the Officer Defendants were each charged with a total of twelve (12) criminal counts of manslaughter and reckless endangerment for their actions that night.[1]

3.      This is an action brought by the Plaintiff against Defendants Sharon Hill Borough, its police chief, and its agents and servants the Officer Defendants, for their misconduct in the use and employment of excessive and deadly force under color of state law resulting in the shooting of Minor Plaintiff in violation of her rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

4.      Plaintiff alleges that the Borough of Sharon Hill and its policy maker, Chief Richard Herron ("Herron" or "Policymaker"), failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers, including Officer Defendants, who are known, or who should have been known, to engage in the use of excessive force and/or deadly force, including those officers repeatedly accused of such acts.  The Policymaker had a duty, but failed to implement and/or enforce policies, practices and procedures for the SHPD that respected Minor Plaintiff's constitutional rights. Defendants Borough and Herron's failure to

Type text here

[1] https://delcoda.com/press-release/charges-announced-in-the-academy-park-investigation/

adequately supervise, discipline, and train the Officer Defendants, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Minor Plaintiff unwarranted and excruciating physical and mental anguish as well as irreparable permanent harm.

5.      The Officer Defendants acted in an objectively unreasonable manner and disregarded the rights of Minor Plaintiff, knowing that the Borough and Police Commissioner would approve and/or ratify their actions.

6.      For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages suffered as a result of being shot and injured by the Officer Defendants in what amounted to a clear deprivation of her civil rights.

## JURISDICTION AND VENUE

7.      Jurisdiction and Venue are proper in this Honorable Court pursuant to 28 U.S.C. § 1391 as Defendants' torts and otherwise violative conduct occurred in Delaware County, Pennsylvania.

## PARTIES

8.      Plaintiff B██████ A██████ is the parent and natural guardian of Minor Plaintiff. Both Plaintiff and Minor Plaintiff are residents of Delaware County in the Commonwealth of Pennsylvania.

9.      Defendant Borough of Sharon Hill is a municipality, organized by and through the laws of the Commonwealth of Pennsylvania.  The Borough of Sharon Hill operates the SHPD and, along with Police Commissioner Herron, is responsible for the implementation of the police department's budget, staffing, training, policies, procedures, practices, and customs.

10.     Defendant Richard Herron, at all times relevant hereto, was the Borough's police

chief and served in that capacity as an employee and agent of the municipality.

11.     Defendant Police Officers, Brian Devaney, Sean Dolan, and Devon Smith, are and/or were at all times acting under color of state law in the scope and course of their duties as police officers with the Sharon Hill Police Department.  Defendants Devaney, Dolan and Smith are being sued in their individual and official capacities as employees of the Sharon Hill Police Department.

## OPERATIVE FACTS

12.     On August 27, 2021, Minor Plaintiff and others were gathered on the grounds of Academy Park High School in Sharon Hill, Pennsylvania, as spectators to one of the varsity football team's first games of the 2021 season.

13.     Upon information and belief, on the same evening, Defendants Devaney, Dolan and Smith were on the scene at Academy Park High School tasked with monitoring the crowd as they exited the Academy Park High School stadium at the conclusion of that night's football game.

14.     At approximately 9:00 PM on the evening in question, approximately two gunshots were heard emanating from the area around the 900 block of Coates Street in Sharon Hill.

15.     Upon information and belief, the gunfire in question was heard by Defendants Devaney, Dolan and Smith who, under the mistaken and unreasonable belief that the Coates Street gunfire came from the direction of football stadium spectators, trained and aimed their service weapons in the direction of the football spectators exiting the stadium.

16.     Defendants Devaney, Dolan and Smith then discharged their service weapons in the direction of the Academy Park football field and into the crowd that contained Minor

Plaintiff.

17.     Upon information and belief, none of the individuals in the crowd, including Minor Plaintiff, were armed, engaged in any criminal activity and did not pose any threat to any individual and/or police officer at the scene, including Defendants Devaney, Dolan and Smith who discharged their service weapons into the direction of said crowd.

18.     Minor Plaintiff was struck by a police bullet and, as a result, she sustained serious, permanent injuries and scarring.

19.     As a result of being shot by the SHPD, Minor Plaintiff was emergently transported to the Children's Hospital of Philadelphia ("CHOP"), where she underwent emergency surgery to mitigate the damage caused by the police bullet, including but not limited to the open reduction and internal fixation of the bones in her lower extremity that were shattered by the police gunfire.  Below are selected photographs of the gunshot wound before and after surgery.



**COUNT I**
**VIOLATION OF 42 U.S.C § 1983 - EXCESSIVE FORCE**
**(Plaintiff v. Defendant Devaney, Dolan, and Smith)**

20.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

21.     Plaintiff would show that the actions of Defendants Devaney, Dolan and Smith on the occasion in question were wrongful, malicious and reckless in depriving Minor Plaintiff of her constitutional rights without any provocation or justification.

22.     Plaintiff would show that the Officer Defendants failed to act in a manner that an objectively reasonable officer would have acted in the same or similar circumstances.  That is, Defendants Devaney, Dolan and Smith, without legal or necessary justification or the need to do so, used excessive and deadly force as described above when shooting and permanently injuring Minor Plaintiff.

23.     Plaintiff would show that the Officer Defendants denied Minor Plaintiff of her right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

24.     The force used by the Officer Defendants was objectively unnecessary, excessive, and unreasonable under the circumstances, as Minor Plaintiff did not pose any threat to the safety of the Officer Defendants or others. The Officer Defendants embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, did cause death and serious injury to persons in the crowd.

25.     Plaintiff seeks damages, for the injuries stated above, including for pain and suffering, emotional distress, disfigurement, medical expenses, lost earnings and earning capacity, and loss of life and enjoyment of life, as well as all damages available under the law.

        **WHEREFORE**, Plaintiff demands judgment in her favor, and against the Officer

Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

## COUNT II
## VIOLATION OF 42 U.S.C § 1983 - FAILURE TO TRAIN
### (Plaintiff v. Borough of Sharon Hill and Police Chief Herron)

26.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

27.     The Borough and SHPD and its police chief have a duty to maintain policies and practices related to the use of deadly force consistent with Pennsylvania Law and the Constitution of the United States.

28.     The conduct set forth herein, as well as the training and disciplinary failures of the Sharon Hill Police Department demonstrates that the Borough of Sharon Hill failed to properly train officers on the 'use of force continuum', use of deadly force, the excessive use of force, identification of an actual or imminent threat of death or serious bodily injury, and interactions between officers and members of the public which was a moving force in the deprivation of Minor Plaintiff's constitutional rights.

29.     The conduct set forth herein, as well as the training and disciplinary failures of the Sharon Hill Police Department demonstrates that the Borough of Sharon Hill failed to enforce the written policies regarding the use of force continuum, use of deadly force, the excessive use of force, identification of an actual or imminent threat of death or serious bodily injury, and interactions between officers and members of the public, which was a moving force in the deprivation of Minor Plaintiff's constitutional rights.

30.     The conduct set forth herein, as well as the supervision and disciplinary failures of the Sharon Hill Police Department, demonstrates that the Borough of Sharon Hill failed to supervise and discipline Police Officers who use excessive force and/or violate other relevant policies, and by doing so communicated tacit approval of the unlawful and unconstitutional excessive use of force, particularly in shooting incidents, which was a moving force in the deprivation of Minor Plaintiff's constitutional rights.

31.     The conduct set forth herein, as well as the supervision and disciplinary failures of the Sharon Hill Police Department, demonstrates that the Borough of Sharon Hill failed to supervise and discipline the Officer Defendants, and by doing so communicated tacit approval of their unlawful and unconstitutional behavior which was a moving force in the deprivation of Minor Plaintiff's constitutional rights.

32.     By reason of the aforementioned policies and practices of Defendant, Minor Plaintiff experienced severe pain and suffering, disfigurement, and loss of enjoyment of life for which she is entitled to recover damages.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Officer Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

<u>**COUNT III**</u>
<u>**VIOLATION OF 42 U.S.C § 1983 - STATE CREATED DANGER**</u>
<u>**(Plaintiff v. All Defendants)**</u>

33.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

34.     The Officer Defendants acted under color of law to create a danger that would not

have been present absent such conduct.

35.    The Fourteenth Amendment to the Constitution guarantees Plaintiff the substantive due process to be free from state-created dangers.

36.    Defendants violated this right by taking affirmative steps which placed Minor Plaintiff at imminent and foreseeable risk of danger and harm.

37.    The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that Minor Plaintiff suffered after being so placed was foreseeable, and directly and proximately caused by Defendants' unconstitutional acts.

38.    Defendants arbitrarily and capriciously deprived Minor Plaintiff of her due process rights in the absence of any countervailing state interest.

39.    Minor Plaintiff's substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

**COUNT IV**
**VIOLATIONS OF 42 U.S.C. § 1983 (Monell) UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM**
**(Plaintiff v. Borough of Sharon Hill)**

40.    Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

41.    As a result of the Borough of Sharon Hill's Constitutionally infirm policies,

customs, supervision and practices described above, Minor Plaintiff was deprived of her constitutional rights without due process of law, and in violation of her constitutional rights in under of the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Defendant pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

### COUNT V
### ASSAULT AND BATTERY
### (Plaintiff v. Defendant Devaney, Dolan, and Smith)

42.    Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

43.    At or about the dates and places alleged herein, the Officer Defendants, while acting within the course and scope of their duties as a Police Officers for the SHPD, without provocation, warrant, necessity, or legal justification, assaulted and battered Minor Plaintiff by pointing their guns at, or in the direction of, Minor Plaintiff and shooting her, thereby causing Minor Plaintiff's injuries as herein described.

44.    By the conduct set forth above, by physically assaulting, battering, and shooting with specific intent to harm another leading directly to injuring the body of Minor Plaintiff, the Officer Defendants, each individually and jointly and/or severally, used unreasonable force and caused and intended to cause harmful and offensive contact with another resulting in injury to the body of Minor Plaintiff constituting assault and battery.

45.    As a direct and proximate result of the aforementioned conduct, Minor Plaintiff suffered physical injury and pain, emotional distress, humiliation, disfigurement, mental and

physical pain and anguish as well as economic and such other losses as will be established at trial.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Officer Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

### COUNT VI
### PUNITIVE AND EXEMPLARY DAMAGES
### (Plaintiff v. Defendant Devaney, Dolan, and Smith)

46.    Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

47.    The conduct of the Police Officer Defendants was malicious, wilful and wanton.

48.    Accordingly, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Minor Plaintiff's rights, safety, and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond the bounds of acceptable society, and as such Plaintiff requests punitive and exemplary damages be awarded against these Defendants.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Officer Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), including interest, delay damages, costs of suit, general and specific damages, exemplary damages as provided by law, attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

Respectfully submitted,

**GREEN & SCHAFLE LLC**

Date:  May 24, 2022

By:  /s/ *Michael C. Schafle*
Michael C. Schafle, Esquire
I.D. No.: 94298
2332 South Broad Street
Philadelphia, PA 19145
Phone:   (215) 462-3330
Fax No. (215) 567-1941
Email: mschafle@greenlegalteam.com
***ATTORNEY FOR PLAINTIFF***