**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **B. A., Individually and as Parent and** | : | |
| **Natural Guardian of A. E-A., a minor** | : | **Civil Action No.  22-02026** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BOROUGH OF SHARON HILL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this      day of                    2023, upon consideration of the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants, Borough of Sharon Hill and Police Chief Richard Herron and Plaintiff's response thereto, it is hereby ORDERED and DECREED that:  said Motion is granted and the Borough of Sharon Hill and Police Chief Richard Herron are dismissed as Defendants, with prejudice.

_____
The Honorable Harvey Bartle, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **B. A., Individually and as Parent and** | : | |
| **Natural Guardian of A. E-A., a minor** | : | **Civil Action No.  22-02026** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BOROUGH OF SHARON HILL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

**MOTION OF DEFENDANTS, BOROUGH OF SHARON HILL**
**AND POLICE CHIEF RICHARD HERRON TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE**
**OF CIVIL PROCEDURE 12(b)(6)**

For the reasons set forth more fully in the Memorandum of Law which is attached hereto and incorporated herein by reference, Moving Defendants, Borough of Sharon Hill and Police Chief Richard Herron, respectfully request that this Honorable Court dismiss them as Defendants in Plaintiff's Complaint.

**WHEREFORE,** Defendants, the Borough of Sharon Hill and Police Chief Richard Herron, respectfully request that this Honorable Court grant the Motion to Dismiss Plaintiff's Complaint and dismiss them as Defendants.

Respectfully Submitted,

**HOLSTEN ASSOCIATES, P.C.**

**BY:** **RPD2724_____**
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney ID No. 30482**
**115 N. Jackson Street**
**Media, PA  19063**
**(610) 566-7583**
**rdidomenicis@holstenassoc.com**

**Attorney for Defendants, Borough of Sharon Hill
and Police Chief Richard Herron**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **B. A., Individually and as Parent and** | : | |
| **Natural Guardian of A. E-A., a minor** | : | **Civil Action No.  22-02026** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BOROUGH OF SHARON HILL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.      INTRODUCTION

The minor Plaintiff, by and through her parent and natural guardian, filed their Complaint on May 24, 2022.  Defendants, Borough of Sharon Hill and Police Chief Richard Herron, hereby move to dismiss the three counts which are directed at one or both of them.  At the time of the incident on August 27, 2021, the minor Plaintiff was a bystander who was struck by a bullet although she was not the intended target.  Plaintiff also sues Police Chief Richard Herron in his official capacity as a policymaker.  ¶4.  For the reasons set forth more fully below, Moving Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## II.     CLAIMS ASSERTED AGAINST THE BOROUGH OF SHARON HILL AND CHIEF HERRON

The Complaint contains six counts.  Three of those counts are addressed to the Borough of Sharon Hill and/or Police Chief Herron.  Those counts are as follows:

- Count II asserts a failure to train claim against the Borough of Sharon Hill and Police Chief Richard Herron;

- Count III asserts a state-created danger claim against all Defendants including the Borough of Sharon Hill and Police Chief Herron;

- Count IV asserts a Monell claim against the Borough of Sharon Hill; and

- The remaining counts are asserted against the individual Police Officer Defendants. All of the prayers set forth in the Complaint also assert a claim for punitive or exemplary damages.

## III.   **FACTS**

The facts as alleged in Plaintiff's Compliant are as follows:

On August 27, 2021, the minor Plaintiff along with several other individuals were struck by bullets fired from the service weapons of Officers Devaney, Dolan and Smith. ¶1. Minor Plaintiff asserts that the Borough and its Police Chief failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control the officers in the use of deadly force including the Officer Defendants herein. ¶4. Plaintiff asserts that the Police Chief is a policymaker and as such has a duty to implement and enforce appropriate policies, practices and procedures to ensure constitutional rights of the minor Plaintiff. ¶4. Minor Plaintiff asserts that the Police Chief failed to do so. ¶4.

On August 27, 2021, the minor Plaintiff and others were gathered on the grounds of Academy Park High School in Sharon Hill, Pennsylvania as spectators to a football game. ¶12. Officers Devaney, Dolan and Smith were on the scene and tasked with monitoring the crowd as it exited the stadium at the conclusion of the game. ¶13. At approximately 9 p.m., two gunshots were heard emanating from the area of 900 block of Coates Street. ¶14. The gunfire was heard by Defendants, Devaney, Dolan and Smith, whom mistakenly believed that the gunfire came from the direction of the football stadium spectators and aimed their service weapons in the direction of the spectators exiting the stadium. ¶15.

Officers Devaney, Dolan and Smith then discharged their weapons in the direction of the football field and into the crowd that contained the minor Plaintiff.  ¶16.  Minor Plaintiff was not armed or engaged in any criminal activity nor did the minor Plaintiff pose a threat to the Police Officers.  ¶17.  Minor Plaintiff was struck by a bullet and in minor Plaintiff's lower extremity. ¶¶18, 19.

## IV.   <u>STANDARD OF REVIEW</u>

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. <u>See</u> F.R.Civ.P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." <u>See</u> <u>DeBenedictis v. Merrill Lynch & Co., Inc.</u>, 492 F.3d 209, 215 (3d Cir.2007).  To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>  Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>See</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. <u>See</u> <u>Gelman v. State Farm Mut. Auto. Ins. Co.</u>, 583 F.3d 187, 190 (3d Cir.2009). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In

deciding a Rule 12(b)(6) motion, the Court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

## V.   ARGUMENT

### A. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST POLICE CHIEF HERRON IN HIS OFFICIAL CAPACITY

Minor Plaintiff has sued Chief Herron in his official capacity as a decision maker.  In essence, this operates as a claim against Borough of Sharon Hill.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Accordingly, the claims against Chief Herron in his official capacity are duplicative of the direct claims brought against Borough of Sharon Hill.  See Baez v. Lancaster County, 487 F.App'x 30, 32 (3d Cir. 2012)(the claim against Warden Guarini in his official capacity is duplicative of the suit against the county).  See also Zavala v. Robinson, 2012 WL 6209890, *3 (E.D.Pa.), where the court noted that official capacity suits against individuals in their official capacity are regularly dismissed.  Id.   Accordingly, maintaining this action against Chief Herron in his official capacity is duplicative of the claims against the Borough of Sharon Hill and the official capacity claims should be dismissed, with prejudice.

### B. PUNITIVE DAMAGES CLAIMS AGAINST MOVING DEFENDANTS MUST BE DISMISSED

The claims asserted against Chief Herron and the Borough of Sharon Hill also seek punitive damages.  Such damages are not available against a municipality under either federal or state law.  See City of Newport v. Fact Concerts, Inc., 435 U.S. 247, 271 (1981) and Marko v. City of Philadelphia, 576 A.2d 1193, 94 (Pa. Cmwlth. 1990).   Accordingly, the claim for

punitive damages against the Borough of Sharon Hill must be dismissed as there is no basis for same and any such claim against Chief Herron in his official capacity must be dismissed as it is identical to the claim asserted against the governmental agency.

### C. PLAINTIFF'S COMPLAINT FAILS TO ADEQUATELY PLEAD A MONELL CLAIM AGAINST THE BOROUGH OF SHARON HILL AND A FAILURE TO TRAIN CLAIM AGAINST THE BOROUGH AND POLICE CHIEF

The minor Plaintiff's Complaint sets forth in Count II a failure to train claim against the Borough of Sharon Hill and Police Chief Richard Herron.  In Count IV, the minor Plaintiff asserts a Monell claim against the Borough of Sharon Hill.  The failure to train claim is actually considered under the Monell doctrine rather than a separate count and, accordingly, Moving Defendants will address both counts together.

Minor Plaintiff asserts that the Officers were not properly trained in the use of force continuum or the use of deadly force or excessive use of force with the identification of an actual or imminent threat of death or serious bodily injury.  ¶28.  Minor Plaintiff asserts that the Officers were not disciplined for their conduct and that the Borough failed to enforce written policies regarding the use of force continuum, the use of deadly force and excessive force.  ¶29. Minor Plaintiff also asserts that supervision was lacking and that the Borough failed to supervise officers who use excessive force and/or violated other relevant policies thereby giving tacit approval of the unlawful and unconstitutional use of force.  ¶30.  In Count IV, minor Plaintiff asserts that the Borough had constitutionally infirm policies, customs, supervision and practices as described.  ¶41.  Most of these allegations are conclusions rather than facts and minor Plaintiff does not identify any specific deficiency in any policy or custom or any specific deficiency in training or otherwise plead sufficient facts to establish the necessary elements of a failure to train claim or a Monell claim.

A municipality can be liable only when a constitutional violation results from an official policy or custom.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A municipal "policy" exists "when a 'decision-maker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict."  See, Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).  A municipal "custom" arises when, "though not authorized by law, such practices of state officials [are] so permanent and well settled as to virtually constitute law."  Id.  To state a claim under a "policy" or "custom" theory, a plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was."  See, McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009).

A single decision by a municipal official may constitute "policy" under Monell, but only if the official is responsible for establishing final policy with respect to the subject matter in question.  See, Pembaur v. Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).  A "custom" "requires proof of knowledge and acquiescence by the decision-maker." See, McTernan, 564 F.3d at 658.  An official has final policy-making authority only if he or she has "final, unreviewable discretion" to make decisions respecting such activity.  See, Andrews, 895 F.2d at 1481; Pembaur, 475 U.S. at 483; Koltonuk v. Borough of Laureldale, 443 F.Supp.2d 685, 699 (E.D.Pa. 2006).  Whether an official has such authority is ultimately a question of state law.  See, Pembaur, 475 U.S. at 483, 106 S.Ct. 1292.

In Pennsylvania, it has been determined by the courts that a police chief of a borough does not have final decision making authority.  Kocher v. Larksville Borough, 926 F.Supp.2d 579 (M.D.Pa. 2013) citing Santiago v. Warminster Township, 629 F.3d 121, 135 n.11 (3d Cir.

2010).  In Pennsylvania, a Police Chief is not a final decision maker and Chief Herron cannot be sued in that capacity for the claims raised by Plaintiffs.

A plaintiff asserting liability for inadequate training "must identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur."  See, White v. City of Philadelphia, 2012 WL 28074, *3 (E.D.Pa.), citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference" under a failure to train theory, except for the "narrow range of Canton's hypothesized single-incident liability."  See, Connick v. Thompson, 131 S.Ct. 1350, 1360-61, 179 L.Ed.2d 417 (U.S. 2011).  "It would be hard to overstate the narrowness of this 'rare' liability category."  See, Kean v. Henry, 2012 WL 646053, *6 (E.D.Pa. 2012).

The mere fact that a particular officer may not be satisfactorily trained will not alone suffice to fasten liability on the municipality as his shortcomings may have resulted from factors other than a faulty training program.  City of Canton v. Harris, 489 U.S. 378, 390-91 (1989).  Liability also will not attach where "an otherwise sound program has occasionally been negligently administered" (Id. at 391) or where a particular harm "could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury causing conduct."  Id.  Accordingly, liability may only be imposed when the failure to train itself is a custom or policy and that failure amounts to a deliberate difference to the constitutional rights of others based upon a pattern of prior violations by untrained officers which put the municipality on notice of the deficiencies in its training program.

In <u>Swingon v. Simonson</u>, 2016 U.S. Dist. Lexis 58455 *13-14 citing <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126-27 (3d Cir. 1998), the court held that a "Monell claim for failure to train, discipline and/or control the defendant school security officer required the plaintiff to show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's action or inaction could be found to have communicated a message of approval to the offending subordinate". The court went on to note as follows:

> A pattern of similar constitutional violations is ordinarily required to show deliberate indifference in the failure to train context. Where no such pattern is presented, the plaintiff must demonstrate that the putative constitutional violation was the highly predictable consequence of the defendant municipality's inadequate training program. It is only in the rare circumstance where a deficient training program so obviously would lead to constitutional violations that a single incident could demonstrate deliberate indifference.

<u>Peters v. Cmty. Educ. Ctrs., Inc.</u>, 11-cv- 850, 2014 U.S. Dist. Lexis 32520, 2014 WL 981557, at *5 (E.D.Pa. March 13, 2014).

Similarly, in <u>J.B. v. Greater Latrobe Sch. Dist.</u>, 2022 U.S .Dist. Lexis 154687 *; 2022 WL 3716941 (W.D.Pa. August 29, 2022), the court, following guidance of <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 357 (3d Cir. 1999), noted that a plaintiff must establish three elements to prove a failure to train or supervise claim. Plaintiff must show that municipal policymakers knew that employees would confront a particular situation; plaintiff must establish that the situation involved a difficult choice or a history of employees mishandling such choices; and lastly, the wrong choice by an employee will frequently cause deprivation of constitutional rights. Citing also, <u>Lesher v. Zimmerman</u>, No. 17-cv-04731, 2018 U.S. Dist. Lexis 82037, 2018 WL 2239560 at *8 (E.D.Pa. May 16, 2018). Here, Plaintiffs have no facts set forth in their Amended Complaint that could establish any of these three elements and simple boilerplate

conclusions are insufficient.  An incident such as this had never occurred in the Borough of Sharon Hill and Plaintiffs cannot establish the necessary facts to reach the conclusion that the municipality was deliberately indifferent.

In Plaintiffs' Amended Complaint, the allegations are simply insufficient to establish a failure to train claim under existing law.  There is no evidence of any similar situation that has confronted Sharon Hill Borough Police Officers in the past.  There is no specific allegation that any particular policy of the Borough was deficient such as the use of deadly force policy.  There is no guarantee that even if the Officers had different training that this incident would not have occurred when these Officers believed they were being fired upon from the motor vehicle.  Most of these allegations are conclusory.  Simply, there is no evidence here to establish that the Borough was deliberately indifferent and there was no basis to suggest that the Borough knew these Officers would confront a similar situation.  It would be indeed rare for a situation such as this to give rise to Monell liability for failure to train based only upon this incident.  The court clearly addressed these issues in City of Canton, supra.

A claim of municipal liability will survive a motion to dismiss only if it "allege[s] conduct by a municipal decision-maker."  See, McTernan, 564 F.3d at 658.  The Third Circuit has made it clear that "absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed in violation by virtue of a policy, a custom, or a failure to train."  See, Simmons v. City of Phila., 947 F.2d 1042, 1063 (3d Cir. 1991).  Thus, a plaintiff claiming municipal liability under § 1983 "must both identity officials with ultimate policymaking authority in the area in question and adduce scientier-like evidence…with respect to them."  Id. at 1062.

Furthermore, bald, conclusory allegations of municipal liability cannot survive a demurrer as "formulaic recitation of the elements of a cause of action will not do."  See, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); See also, Kean, supra. at *7 (E.D.Pa. 2012) ("As with his practice or custom claim, Kean's failure to train claim must fail because he alleges no facts to show deliberate indifference, despite applying the appropriate legal jargon to label it as such."); Becerril v. Mancini, 2008 WL 5250272 (E.D.Pa.) (where the Court dismissed a Monell claim on the ground that general allegations of unlawful policies and/or practices were insufficient); Hart v. Tannery, 2011 WL 940311, *9 (E.D.Pa.) ("A declaration that Defendants' actions rose to the level of an official policy or custom is insufficient to support liability under § 1983."); Winslow v. the Borough of Malvern PA, 2009 WL 4609590, *6 (E.D.Pa.) ("These are merely formulaic recitations of the elements of a Monell claim and, under Twombly, are insufficient to withstand a motion to dismiss.").   Importantly, the Moving Defendants cannot be vicariously liable for a constitutional violation committed by a Borough employee.   Monell at 691-692.  The allegations in the Plaintiff's Complaint simply do not provide a sufficient basis for Counts II and IV to survive.   Accordingly, Moving Defendants respectfully request that Counts II and IV of Plaintiff's Complaint be dismissed.

### D. COUNT III OF PLAINTIFF'S COMPLAINT ASSERTING A STATE-CREATED DANGER CLAIM AGAINST SHARON HILL BOROUGH AND CHIEF HERRON SHOULD BE DISMISSED

Plaintiff's Complaint asserts a claim under a state-created danger theory of liability against the Borough of Sharon Hill and Police Chief Herron in Count III.  Based upon the facts, as pleaded, this theory of liability is not viable.

There are four elements to a state-created danger claim.  They are as follows:

> (1) "The harm ultimately caused was foreseeable and fairly direct"; (2) a state actor acted with a degree of culpability that shocks the conscience;  (3) a relationship between the state and the plaintiff existed such that 'the plaintiff was a foreseeable victim of the defendant's acts,' or a 'member of a discreet class of persons subjected to the potential harm brought about by the state's actions,' as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."

Bright v. West Moreland County, 443 F.3d 276, 281 (3d Cir. 2006)(citing Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996) and County of Sacramento v. Lewis, 523 U.S. 833 (1998).

The court in Bright made it clear that the fourth element required affirmative acts which work to plaintiff's detriment and expose plaintiff to danger.  Citing DR by LR v. Middle Bucks Area Vo-Tech School, 972 F.2d 1364, 1374 (3d Cir. 1992)(en banc).  The court further noted that the Supreme Court's decision in DeShaney v. Winnebago Cty. Soc. Servs. Dept., 489 U.S. 189 (1989), clearly required such an affirmative act noting that it is the misuse of state authority not the failure to use state authority that can violate the due process clause.  Id.  Here, there was no affirmative act on the part of the Borough of Sharon Hill involved in this incident.  As the Supreme Court has made it clear in Monell, supra, the Municipality cannot be vicariously liable for constitutional violations committed by its employees.  Id. at 691-692.  Similarly, Chief Herron was not involved in the incident that led to the injuries which formed the subject matter of this suit.  Accordingly, there was no affirmative act that he took with respect to this matter. The Third Circuit has made it clear that in a civil rights action an individual must have personal involvement in the alleged wrongs and liability will not be based upon respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  The court went on to note that personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  However, as to Chief Herron, there are no facts to establish any

involvement, direction or knowledge.  As the court in <u>Santiago</u>, supra. at 130 n.5, indicated, Plaintiffs must establish that Chief Herron either caused the constitutional harm directly or directed others to violate those constitutional rights in that knowledge and acquiescence in the subordinate's violations.  Citing <u>A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir. 2004).  For this reason alone, Count III of Plaintiff's Amended Complaint as it applies to the Borough of Sharon Hill and Chief Herron should be dismissed.

When the first three elements are viewed as to the Borough and Chief Herron, it becomes clear that the first three elements cannot be met by Plaintiffs either.  It cannot be said that this incident as it arose on August 27, 2021 and the harm caused thereby was foreseeable.  Certainly, Chief Herron was not involved and, therefore, did not act with any degree of culpability let alone one that "shocks the conscience".  Lastly, there was no relationship between the Moving Defendants and any of the Plaintiffs who were all members of the general public.

In <u>Gayemen v. School District of Allentown</u>, 712 F.App'x. 218 (3d Cir. 2017), the court held that a school district could not be liable under a state-created danger theory where it took no action even if action was required by its policy.  <u>Id.</u> at 221, citing <u>DR ex rel LR</u>, supra, at 1374.  Similarly, in <u>Henry v. City of Erie</u>, 728 F.3d 275 (3d Cir. 2013), the court failed to find the violation of the due process clause under a state-created danger theory, finding that the harm caused was not a "fairly direct" result of the municipality's actions and cannot be said to be "fairly direct" where it allowed an apartment building to pass inspection even though it lacked certain safety requirements which eventually took the lives of several individuals in a fire.  As the court noted, state actors are not liable every time their actions set into motion a chain of events that may result in harm.  Id. at 283, citing <u>Martinez v. State of California</u>, 444 U.S. 277, 281 (1980).  Here, to the extent that Plaintiffs attempt to argue that this incident would not have

occurred had there been more stringent policies or better training on the part of the Borough or the Chief these arguments must fail just as those in Gayeman and Henry failed.

Recently, in the matter of Comegar v. City of Chester, 2022 U.S. Dist. Lexis 195524 *; 2022 WL 15524953 (E.D.Pa. October 26, 2022), Judge Goldberg analyzed the state-created danger theory brought after two individuals died in a house fire after the City failed to adequately address safety issues at the home.  The court found that the death of the plaintiffs was not a "fairly direct" result of the City's actions, plaintiffs could not meet the conscience shocking element for the City's issuance of a Certificate of Occupancy despite the fact that the premises failed a safety inspection and the court found no affirmative act on the part of the City as required by precedent.  As the court noted, the line between action and inaction is "often blurred" but the plaintiffs in that case were attempting to redefine passive inaction as affirmative acts and this is insufficient to establish a state-created danger claim.  Citing Morrow v. Balaski, 719 F.3d 160, 178 (3d Cir. 2013).

In Rankins v. Bristol Twp., 2017 U.S. Dist. Lexis 82752 *; 2017 WL 2362404 (E.D.Pa. May 31, 2017), Judge Sanchez, citing Third Circuit precedent, noted that foreseeability requires a state actor to have actual awareness, based on concrete information of a risk of harm to an individual such that the actor is on notice that a failure to act significantly enhances the risk of harm.  Id. *5, citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 238 (3d Cir. 2008).  Such cannot be said of any action on the part of the Borough of Sharon Hill or Police Chief Herron.  Lastly, the court noted that an affirmative act is still required that renders the citizen more vulnerable to danger and has noted this element requires "misuse of state authority, rather than  a failure to use" state authority.  *6-7, citing Bright at 282.

13

For these reasons, the Minor Plaintiff cannot successfully maintain a state-created danger claim under the 14th Amendment against the Borough of Sharon Hill or Chief Richard Herron.

### E. POLICE CHIEF RICHARD HERRON IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO MINOR PLAINTIFF'S CLAIMS

The only claims made against Police Chief Richard Herron in this case stem from his position as the Chief of Police in the Borough of Sharon Hill.  Chief Herron was not present at any time during the incident.  Chief Herron did not direct any Officers during the incident.  He is sued solely because the minor Plaintiff believes that he is a policymaker, which he is not, and minor Plaintiff asserts that he failed to properly supervise or train the Officers under his command with such complaints being made with a paucity of facts.  Under the circumstances of this incident, Chief Herron is entitled to qualified immunity from any claims presented by minor Plaintiff.

The United States Supreme Court has held that qualified immunity serves to "insulate government officials from liability for assumable damages when the discretionary conduct of that official did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The standard for applying qualified immunity is an objective one.  The Supreme Court has instructed that the inquiry must focus on the "objective reasonableness of an official's conduct as measured by reference to clearly establish law".  Id.

The Court has further explained, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say official action is protected by qualified immunity unless the very action in question has been declared unlawful, but it is to say that the unlawfulness must be apparent."  Anderson v. Creighton, 483 U.S. 635 (1982).

Qualified immunity is an immunity from suit, and not a mere defense to liability.  As a general rule, the issue of whether an official is entitled to qualified immunity should be determined prior to trial, as the purpose of qualified immunity is to protect officials and public employees from undergoing the burdens of litigation.  Mitchell v. Forsythe, 472 U.S. 511 (1985).

In Hunter v. Bryant, 112 S.C. 534 (1991), the Court recognized that "the qualified immunity standard gives ample room for mistakes of judgment in protecting all but the plainly incompetent or those who knowingly violate the law.  This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued."  Id. at 137.  The question of whether an official is entitled to qualified immunity is not limited solely to determining whether the official violated clearly established law.  The United States Supreme Court has repeatedly instructed that an official can be entitled to qualified immunity if that official violated clearly established law, but the violation was "objectively reasonable" based upon the information in his possession at the time of the conduct of which Plaintiff complains."

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court explained why a Court should conduct an additional level of analysis in determining whether an officer is entitled to qualified immunity as follows:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  It is sometimes difficult for an officer to determine who the relevant legal doctrine, will apply to the factual situation the officer confronts.  An officer might correctly perceive all of the relevant facts, but have a mistaken understanding as to whether a particular (action) is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer's entitled to the qualified immunity defense.

Saucier at 205.  Moreover, the Supreme Court has held that the two-step procedure outlined in

Saucier is no longer mandatory.  The Court has stated:

> When reconsidering the procedure required in Saucier, we conclude
> that, while the sequence set forth there is often appropriate, it should
> no longer be regarded as mandatory.  The Judges of the District Courts
> and the Courts of Appeal should be permitted to exercise their sound
> discretion in deciding which of the two  prongs of the qualified
> circumstances in the particular case at hand.

Pearson v. Callahan, 555 U.S. 223 (2009).

As the Supreme Court instructs, "the relevant, dispositive inquiry in determining whether

a right is clearly established, is whether it would be clear to a reasonable officer that his conduct

was unlawful in the situation he confronted."  Id. 202.  Moreover, the protection of qualified

immunity applies regardless of whether the government official error is a mistake of law, a

mistake of fact, or a mistake based on mixed questions of law and fact.  Groh v. Romirez, 540

U.S. 551, 556 (2004).  Simply stated, there is no clearly established law that can deprive Chief

Herron of qualified immunity.

Although the facts in Sauers v. Borough of Nesquehoning, 905 F.3d 711 (3d Cir. 2018),

do not equate necessarily with those set forth herein, the Third Circuit's Opinion is illustrative of

the issues that must be addressed.  The Court makes it clear that "the inquiry must be undertaken

in light of the specific context of the case, not as a broad general proposition."  Id. 1719 citing

Mullenix v. Luna, 136 S.Ct. 305, 308 (2015).

Accordingly, Police Chief Herron has the right to have these issues resolved at their

earliest possible time.  The alleged failure to provide realty-based training with a vague assertion

that there was a lack of discipline or supervision and unconstitutional policies is not sufficient to

establish any constitutional claim against Chief Herron under the facts alleged in the operative

Complaint.  This inquiry does not permit the infusion of a negligence theory or a negligent

16

conduct as a substitute for constitutional harm.  County of Sacramento v. Lewis, 523 U.S. 833 at 849 (1998).

Accordingly, Police Chief Richard Herron respectfully requests that this court grant qualified immunity and dismiss him as a defendant in this lawsuit.

**VI.**     **CONCLUSION**

For the reasons set forth more fully herein, Moving Defendants respectfully request that the Court dismiss all claims asserted against the Borough of Sharon Hill and Police Chief Herron.

> Respectfully submitted,
> **HOLSTEN ASSOCIATES, P.C.**
>
> **RPD2724_____**
> **ROBERT P. DiDOMENICIS, ESQUIRE**
> **Attorney ID No. 30482**
> **115 N. Jackson Street**
> **Media, PA  19063**
> **(610) 566-7583**
> **Attorney for Defendants, Borough of Sharon Hill and**
> **Police Chief Richard Herron**

## <u>CERTIFICATE OF SERVICE</u>

I, Robert P. DiDomenicis, Esquire, counsel for Defendants, Borough of Sharon Hill and Chief Richard Herron, state that a true and correct copy of the within Motion of Defendants to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(b) and supporting Memorandum of Law were served upon the following individuals via ECF, this 11th day of January, 2023:

Bruce L. Castor, Jr., Esquire
Michael T. van der Veen, Esquire
1219 Spruce Street
Philadelphia, PA  19107
Attorneys for Plaintiffs

Michael C. Schafle, Esquire
Green & Schafle, LLC
2332 South Broad Street
Philadelphia, PA  19145
Attorney for Plaintiff, A.

John P. Gonzales, Esquire
Marshall Dennehey
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(jpgonzales@mdwcg.com)
(SSCarr@MDWCG.com)
(TMMott@MDWCG.com)
Attorney for Defendant, Sean Dolan

Andrew J. Bellwoar, Esquire
Bellwoar Kelly LLP
126 W. Miner Street
West Chester, PA 19382
Attorney for Defendant, Brian Devaney

David MacMain, Esquire
Brian C. Conley, Esquire
MacMain Leinhauser
433 W. Market Street
Suite 200
West Chester, PA 19382
Attorneys for Defendant, Devon Smith

HOLSTEN ASSOCIATES, P.C.


**RPD2724**_____
**ROBERT P. DiDOMENICIS, ESQUIRE**
**Attorney for Defendants, Borough of Sharon Hill and**
**Police Chief Richard Herron**